# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2021

Lyle W. Cayce
Clerk

No. 20-60726
Summary Calendar

Javier Antonio Ramirez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 432 480

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Javier Antonio Ramirez, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of an immigration judge's (IJ) denial of asylum,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

withholding of removal, and relief under the Convention Against Torture (CAT). His claims stem from several incidents involving gang members.

This court reviews only the BIA's decision, "unless the IJ's decision has some impact on" that decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Factual findings are reviewed under the substantial evidence standard, and legal questions are reviewed de novo, with deference accorded to the BIA's reasonable interpretations of immigration statutes. *Rui Yang v. Holder*, 664 F.3d 580, 584 (5th Cir. 2011).

There is no merit to Ramirez's contention that the IJ and the BIA erred in determining that his articulated particular social group (PSG), "Salvadoran men who fear violence and delinquency in their home country," was not cognizable. *See Orellana-Monson v. Holder*, 685 F.3d 511, 521-22 (5th Cir. 2012). Because Ramirez articulated a precise, though unsuccessful PSG, the IJ was not obligated to seek clarification to ensure full development of the record. *See Cantarero Lagos v. Barr*, 924 F.3d 145, 151-52 (5th Cir. 2019).

To the extent that Ramirez argues that the BIA erred by failing to seek clarification of his PSG, this issue is unexhausted. *See Omari v. Holder*, 562 F.3d 314, 320-21 (5th Cir. 2009). And, in any event, the BIA does not err by failing to consider a PSG that was not presented to the IJ. *See Cantarero-Lagos*, 924 F.3d at 151-53.

Given his failure to establish his membership in a cognizable PSG, which was the only protected ground he asserted in his asylum application, Ramirez cannot make a showing of nexus to a protected ground, and therefore his assertions of error as to the nexus requirement are unavailing. *See Orellana-Monson*, 685 F.3d at 522. His asylum claim therefore fails, and the failure of his asylum claim is also dispositive of his claim for withholding of removal. *See Orellana-Monson*, 685 F.3d at 522; *Tamara-Gomez v. Gonzalez*, 447 F.3d 343, 349-50 (5th Cir. 2006). In view of the foregoing,

he has not shown error in the BIA's determination that he was not eligible for asylum or withholding of removal.[1]

As to issues concerning the denial of protection under the CAT, as an initial matter, contrary to Ramirez's argument, the IJ did not err in taking into consideration that Ramirez had not been tortured in the past. *See* 8 C.F.R. § 1208.16(c)(3)(i); *Martinez-Lopez v. Barr*, 943 F.3d 766, 772 (5th Cir. 2019). Ramirez places great reliance on a country report regarding El Salvador. Although the IJ did not specifically discuss the country report, the IJ indicated that she had considered "all evidence of record," and, as for the report itself, Ramirez has not pointed to any evidence in the report (or elsewhere) establishing that authorities in El Salvador would instigate, consent to, or acquiesce in his torture. *See* 8 C.F.R. § 1208.18(a)(1); *Martinez-Lopez*, 943 F.3d at 772. Even if Ramirez has identified some evidence in the report that "may weigh against" the agency's determination that he was not entitled to CAT protection, the evidence "do[es] not *compel* the opposite conclusion." *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 494 (5th Cir. 2015). Accordingly, we will not overturn the agency's determination that Ramirez is not entitled to CAT relief. *See id.*

In view of the foregoing, the petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.

---

[1] Ramirez also asserts that the IJ and the BIA erred in their determinations as to the issues of past persecution and future persecution. "As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *Immigr. & Naturalization Serv. v. Bagamasbad*, 429 U.S. 24, 25 (1976). Here, given that Ramirez failed to establish his membership in a cognizable PSG, we need not address the issues of past persecution and future persecution. *See id.*